ANDREW CUNNING v. THE TITTABAWASSEE BOOM COMPANY.

*Landlord and tenant—Action for rent—Estoppel—Trust-deed.*

1. A lessee, who has not been disturbed in the enjoyment of the rights granted under his lease, cannot, in an action by the lessor to recover the rent reserved, question the right of the lessor to make the grant.

2. Where the grantor in a trust-deed, authorizing the trustee to lease, mortgage, or sell the premises conveyed in order to pay the debts of the grantor, is allowed by the trustee, with the assent of the creditors, to remain in possession under an arrangement to pay rent to the trustee, or to carry on the business in his own name, as it had been done, the trustee and the creditors are estopped from setting up any claim against one to whom the grantor has leased a portion of said premises.

3. A lease of a portion of a dock, which had been leased for storage purposes to a prior lessee, who accepts and uses another portion of the dock, will not amount to an eviction of the first lessee, who will be held to have assented to the change.

Error to Bay. (Cobb, J.) Argued October 16, 1891. Decided October 30, 1891.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*McKnight, Humphrey & Grant,* for appellant, contended:

1. Defendant's theory was that it had an absolute right to tie to that dock, or any piles driven in the navigable waters of the street, if by so doing it would lessen the perils to it of the navigation of the river (*Horn v. People*, 26 Mich. 221; *Scott v. Layng*, 59 Id. 43), which right defendant claimed adversely to the plaintiff; and the testimony that the dock extended into the street was competent and relevant to show that plaintiff had no rights to rent, and that it was unreasonable that defendant should have made the contract as claimed by plaintiff; citing *Petrie v. Lane*, 58 Id. 528; and defendant was entitled to have its claim that it fastened this boom to piles driven by Rust Bros., and claimed so to do as a matter of right and adverse to any claim of the plaintiff, laid before the jury, as one of the surrounding facts essential to a satisfactory determination; citing *Comstock v. Norton*, 36 Mich. 279.

2. The act passed for the formation of boom companies gave defendant the right to " construct, use, and maintain all necessary booms," etc., by obtaining the consent of the owner of the shore in front of which the booms were constructed; citing How. Stat. § 3917; *Hall v. Boom Co.*, 51 Mich. 377; *Coburn v. Booming Co.*, 72 Id. 134.

3. An action for use and occupation will not lie except when the contract relation of landlord and tenant exists, by virtue of which an obligation exists to pay rent; citing *Lockwood v. Boom Co.*, 42 Mich. 538.

4. The terms of the trust-deed could not be contradicted by testimony showing a parol agreement allowing plaintiff to collect rent; citing *Adair v. Adair*, 5 Mich. 204; *Jacobs v. Miller*, 50 Id. 119.

*T. A. E. & J. C. Weadock,* for plaintiff.

McGRATH, J. Cunning brought *assumpsit* in justice's court, declaring orally "on all of the common counts, and specially for use and occupation of certain dock and river front, and being on lots 5 and 6," etc., for 3 years, 2 months, and 20 days, at the rate of $125 per annum, admitting a credit of $250. Defendant pleaded the general issue, and gave notice that the title to lands would come in question, and the case was removed to the circuit court, where plaintiff had judgment, and defendant appeals.

The following is a sketch of the situation of the property:

Plaintiff was in possession of lots 4, 5, and 6, and the contiguous dock property, from January 1, 1886, to January 1, 1890. The old dock extended southerly beyond the north line of Twenty-fourth street, and plaintiff had extended the dock westerly to the dock line established by the city, and enjoyed a southerly as well as a westerly dock frontage. The northerly line of Twenty-fourth street, extended, would cut off a portion of plaintiff's old dock, and a line extended from the south-westerly corner of plaintiff's lot 6, at right angles with the river bank, which was claimed by defendant to be the riparian line, would cut off still more of plaintiff's old dock, and a portion of his new dock.

Plaintiff's claim was that in April, 1886, he rented to defendant the privilege of putting a glance boom across the front of plaintiff's dock, extending from A to B, and also a place upon the dock to store coal for the use of defendant's vessels; that defendant was to attach the north end of the boom-stick with hook and staple to plaintiff's dock, and plaintiff, when he desired to get to the southerly side of his dock, was to open and close it; that defendant's use commenced April 1, 1886, and continued until June 20, 1889; that defendant was to pay as rental $125 per year during said use; that defendant had paid the rental to April 1, 1888; that in the fall of 1887 plaintiff leased to one Corrigan the portion of the dock which had been occupied by defendant with its coal, and notified defendant's foreman to put their next load of coal further north upon lot 4, which defendant did. There was some dispute as to whether defendant used the coal dock after the season of 1887, but the glance boom remained until June 20, 1889.

Defendant admits the renting of a portion of plaintiff's dock for coaling purposes, but denies that anything was said about the glance boom, claims that it ceased to use

the dock for coal in the fall of 1887, and assigns error because of the refusal of the court to allow answers to the following questions:

" Isn't there some of it [the dock] built into Twenty-fourth street?"

" Weren't these piles driven in the street?"

" How did you find the situation of Mr. Cunning's dock, with reference to Twenty-fourth street?"

" State how many feet Mr. Cunning's dock stands into Twenty-fourth street on the south."

When asked by the court to state what he expected to show defendant's counsel said:

" We offer to show that this boom-stick was in front of a public street, and was not in front of a slip belonging to Mr. Cunning at all."

Again he said:

" I ask it for the purpose of showing, and in connection with it I offer to show, that this boom-stick was attached to piles that Rust Bros. & Co. drove, and that this boom-stick did not extend onto Mr. Cunning's property at all.

" *The Court:* I suppose by that you mean to attack the title of Mr. Cunning to this property he has been speaking of?

" *Counsel for Defendant:* I intend to attack his right to maintain that dock in the street, or to claim on an *assumpsit* against us for the boom-stick being in front of a portion of his dock that is in the street. I propose to show that the boom-stick was fastened to piles that did not belong to Mr. Cunning, and that he never put there.

" *The Court:* In view of the statement that the plaintiff claims on nothing except an express contract that he claims to have been made, and the fulfillment of that contract, I don't think that matter is material."

There was no error in the exclusion of the testimony. Plaintiff relied upon an express contract granting certain privileges. Defendant had not been disturbed in the use granted. He could not question plaintiff's right to make

the grant. It is claimed here that the testimony tended to support defendant's theory, and bore upon the probabilities of such a contract, but no such claim was made below. The testimony, however, had no such tendency. Whether or not plaintiff's dock encroached upon Twenty-fourth street, he was in actual possession and use of that dock, and had a right to free access, not only to the westerly, but to the southerly, frontage. Defendant had no right to place any permanent structure, so as to interfere with plaintiff's approach to his docks, without his consent. Defendant afterwards introduced testimony tending to show that the boom-stick had been there since 1884, and was fastened to piles driven by Rust Bros., and plaintiff testified that these piles were driven by the Rusts by permission of plaintiff, and that they "lapped around" this corner of plaintiff's dock, but denied that the boom-stick had been there before 1886.

Defendant's counsel introduced in evidence a deed, dated September 11, 1888, executed by plaintiff, conveying lots 5 and 6 in trust to one Van Den Brooks, in which it was provided—

"That he [Van Den Brooks] may lease, mortgage, sell, and convey said property in order to pay all my debts, also the mortgages, interest, and taxes now due on said property; the balance, if any, to be returned to me [Cunning]."

After the introduction of this deed plaintiff was allowed to show that ever since the giving of said deed plaintiff was allowed to remain in possession, carry on business there, and collect rents under an arrangement with the trustee, made after the execution of the deed; and the trustee was sworn, and said:

"Yes, there was a mutual agreement between me and Mr. Cunning that he should remain there, collect rent, collect all bills, and turn the money over to me, to pay

his local debts that the assignment was made for; so he remained there just as before."

Several errors are assigned upon the admission of this testimony. It is true that the trust-deed contemplated the sale or leasing of the property for the benefit of creditors, but the deed secured the creditors, and if the trustee, with the assent of the creditors, allowed the grantor to remain in possession under an arrangement to pay rent to the trustee, or to carry on the business in plaintiff's own name, as it had been done, defendant could not complain, and both trustee and creditors would be estopped from setting up a claim against one to whom plaintiff, in possession of the whole property, had sublet a privilege.

It was claimed by defendant that the lease to Corrigan was an eviction, but it appeared that defendant did not at the time elect so to regard it, but accepted and used another location provided by plaintiff, and hence consented to the change.

Complaint is made of several portions of the court's instructions to the jury, which are fully explained by the context. A careful examination of the charge discloses no error.

The judgment is affirmed, with costs.

CHAMPLIN, C. J., MORSE and LONG, JJ., concurred. GRANT, J., did not sit.