BROWN *v.* TRUDELL.

1. STATUTES—REPEALS BY IMPLICATION NOT FAVORED.
   Repeals by implication are not favored in the law.

2. SAME—FISHING RIGHTS CONFERRED ON RIPARIAN OWNERS—RE-
   PEAL BY IMPLICATION.
   Act No. 234, Pub. Acts 1921, purporting to be an amenda-
   tory act withdrawing the exclusive fishing rights within
   one-mile limit given to riparian owners by Act No. 94,
   Laws of 1869, amending Act No. 350, Laws of 1865, *held,*
   not to repeal by implication the fishing license conferred
   upon riparian owners in Arenac and Iosco counties by
   Act No. 122, Pub. Acts 1905, and confirmed by Act No. 114,
   Pub. Acts 1907.

3. LANDLORD AND TENANT.
   A tenant may not dispute his landlord's title.

4. SAME—TENANT MAY NOT ATTACK LAWS CONFERRING RIGHTS ON
   LANDLORD.
   In an action for the rent due on a lease of the exclusive
   fishing rights conferred on a riparian owner by Act No.
   122, Pub. Acts 1905, and Act No. 114, Pub. Acts 1907,
   defendant may not question the validity of said acts for
   the purpose of showing that his landlord has no title,
   where there has been no eviction by the State and the
   acts are still in force.

Error to Iosco; Widdis (Albert), J. Submitted
January 9, 1924. (Docket No. 23.) Decided May
8, 1924.

Assumpsit by Anna D. Brown, executrix of the last
will of James L. Brown, deceased, against Louis F.
Trudell and others, late copartners as the Trudell
Fisheries Company, for rent. Judgment for plaintiff.
Defendants bring error. Affirmed.

*Lewis J. Weadock (Thomas A. E. Weadock,* of counsel), for appellants.

*Beach & Beach,* for appellee.

*Andrew B. Dougherty,* Attorney General, and *James A. Greene,* Assistant Attorney General, *amicus curiæ.*

FELLOWS, J.   The legislature in 1865 passed Act No. 350 entitled: "An act to protect fish and preserve the fisheries of this State."   The act was amended by Act No. 94, Laws 1869, by adding sections 10 and 11.   Section 10 of this act is section 7640, 2 Comp. Laws 1915, and purported to give exclusive rights within one-mile limit to the riparian owner.   The legislature of 1905 passed Act No. 122 (2 Comp. Laws 1915, § 7616) entitled:

"An act to define and to protect fishing rights and privileges in that portion of Saginaw bay bordering on Arenac and Iosco counties, State of Michigan."

Section 1 of this act reads:

"No person shall drive any stakes for fishing purposes or set or place any nets in the waters of Saginaw bay contiguous or adjacent to the shores of Arenac and Iosco counties in said State, for a distance of two miles from said shores, unless such person is the lawful owner or occupant of the shore frontage, opposite to which said stakes are driven or nets set or placed, or unless such person shall have a license so to do from the said owner or occupant: *Provided,* That the provisions of this act shall not apply to the Charities or any other islands situated in Saginaw bay."

James L. Brown in his lifetime owned lands in Iosco county on the shore of Saginaw bay.   He claimed the exclusive rights of fishing in front of such lands by virtue of the above mentioned acts and Act No. 114, Pub. Acts 1907 (2 Comp. Laws 1915, § 7604 *et seq.*).   On February 1, 1919, he leased such shore land together with his fishing privileges to defendants for

five years at an annual rental of $1,600, payable in advance. Two years' rent was paid. The rent for 1921 and 1922 not having been paid, plaintiff, as executrix under her husband's will, brought this suit on September 11, 1922, and recovered judgment for the rent for both years. Upon the trial it was insisted by defendants that the title to the fish and the bed of the Great Lakes is in the State in trust for all the people; that it was beyond the power of the State to grant the exclusive right of fishing in the Great Lakes, and that the legislation above referred to was invalid; it was also insisted that the act of 1905 was class legislation and for this additional reason invalid. The case seems to have proceeded in both courts upon the theory that Act No. 234, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 7640), not only withdrew such rights as the amendment of 1869 gave the riparian owner, but also repealed the acts of 1905 and 1907, and plaintiff's counsel insisted and the trial court held that it was invalid. If this act repealed all the acts above cited we would have in the case the question of whether defendants had been evicted by a paramount title (see *McMorran Milling Co.* v. *C. H. Little Co.*, 201 Mich. 301), and it would be necessary to determine the validity of the act of 1921. We therefore invited briefs from counsel in the case and the attorney general upon the specific question of whether the act of 1921 repealed the acts of 1905 and 1907. These briefs are now before us. Plaintiff's counsel and the attorney general entertain the view that the acts of 1905 and 1907 are not repealed and cite numerous authorities which are persuasive to them on the subject. Defendants' counsel have also filed an able brief in which they urge the only plausible ground for a contrary holding, *i. e.*, that the legislation of 1921 declares a State policy with reference to fishing in the waters of the Great Lakes which is repugnant to the acts of 1905 and 1907, and that

these acts are repealed by implication. But repeals by implication are not favored in the law. Act No. 234, Pub. Acts 1921, does not purport to be a revision of the fishing laws of the State; it purports to be and is an amendatory act, the amendment being the withdrawal of the license conferred generally upon riparian owners by the act of 1865, as amended by the act of 1869. But Act No. 122, Pub. Acts 1905, conferred a privilege or license upon the riparian owners in Arenac and Iosco counties alone, a privilege or license differing in terms from those found in the general act. Act No. 114, Pub. Acts 1907, confirmed these privileges. We do not think this act, which by its title purported to be only an amendatory act, repealed by implication the acts having specific reference to Arenac and Iosco counties. There was other legislation in 1921 indicative of a State policy applicable to the waters of the Great Lakes and certain enumerated acts were repealed, but the acts in question were not among this number. There are few sessions of the legislature which do not legislate on the subject of fishing in the Great Lakes and it would be stretching the doctrine of repeals by implication to a dangerous point to hold that such general legislation repealed by implication all legislation that had gone before having reference to the subject of fishing in the Great Lakes. We are, therefore, constrained to hold that the acts of 1905 and 1907 are still in force.

We have little difficulty in following the contention of defendants' counsel that the moving consideration of the lease was the exclusive fishing privileges which were leased with the land, but we can not follow them in their contention that in this action on the lease for rent they may in their defense set up the invalidity of their landlord's title to such privileges. While it is true that such privileges are purported to be given by an act of the legislature the tenant can no more question that title than he could a title by deed. This rule,

as we have already suggested, is subject to the further rule that where the defendant has been evicted by a paramount title he may show that fact in defense of an action for rent. *McMorran Milling Co. v. C. H. Little & Co., supra.* But here there has been no eviction by the State, the act of 1905 being still in force. A case on all fours is *Cunning v. Boom Co.*, 88 Mich. 237. That was an action for rent of the privilege of putting a glance boom across the front of plaintiff's dock. On the trial it was sought to show that a part of the dock was built in a public street. The testimony was excluded. Mr. Justice MCGRATH, speaking for the court, said:

"There was no error in the exclusion of the testimony. Plaintiff relied upon an express contract granting certain privileges. Defendant had not been disturbed in the use granted. He could not question plaintiff's right to make the grant."

In numerous cases it has been held that parties who take the benefit of an act of the legislature can not question the validity of any of the provisions of the act. In the recent case of *People, for use of Ostapow*, v. *Casualty Co.*, 222 Mich. 296, some of the authorities are reviewed and it was there said:

"Upon the authority of the adjudicated cases and upon fundamental principles of sound law, we think it should be held that, inasmuch as Weinberger enjoyed the benefits of the act in question, neither he nor his surety can assail its validity."

So here the defendants have had the exclusive right of fishing conferred by the act of 1905. They can not now question its validity.

The judgment will be affirmed.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.